UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LIPIAN,

        Plaintiff,

v.

JEFFREY FRUMKIN, ET AL.

        Defendants.

_____/

Case No. 20-11615

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND [7]**

Plaintiff is a former student of the University of Michigan's School of Music, Theater & Dance. Defendants are all current of former employees of the University of Michigan. Plaintiff first brought suit against these employees when they were added, on September 26, 2019, as defendants in a companion case to this one. *Lipian v. University of Michigan, et al.*, Case No. 18-13321. ECF No. 150. They subsequently moved to dismiss the action and for summary judgment. The Court dismissed all of the defendants from that case in its April 9, 2020 Opinion and Order. *Id.* at ECF No. 257.

On March 20, 2020, Andrew Lipian filed this suit in Washtenaw County Circuit Court. Defendants timely removed the action on June 19, 2020. (ECF No. 1). They filed a motion for judgment on the pleadings that same day. (ECF No. 4).

Page **1** of 7

Plaintiffs have since amended their complaint and moved to remand this case. (ECF Nos. 5, 7).

Before reaching any other matters in this case, the Court will determine whether it should retain jurisdiction or remand the action to Washtenaw County Circuit Court. The motions are briefed.

### LEGAL STANDARD

A defendant may remove a civil case from state court to federal court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a). Original, federal question jurisdiction exists where a civil action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A defendant who seeks to remove a case pursuant to 28 U.S.C. § 1441(b) bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court." *Warthman v. Genoa Twp. Bd. of Trustees,* 549 F.3d 1055, 1061 (6th Cir. 2008).

"[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Long v. Bando Mfg. of Am.,* 201 F.3d 754, 758 (6th Cir.2000). "Federal courts have jurisdiction under section 1331 in 'only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial

question of federal law.'" *Thornton v. Sw. Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir.1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983)).

"[T]he removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

## ANALYSIS

None of the three causes of action in Plaintiff's original complaint arise under federal law. Plaintiff filed a three-count complaint seeking legal and equitable relief for Sex Discrimination in Violation of the Michigan Eliot-Larsen Civil Rights Act, Retaliation in Violation of the Michigan Eliot-Larsen Civil Rights Act Defendants, and False Light. (ECF No. 1-1, PageId.25-28).

Because no federal causes of action are pled, Defendants can only remove the case if the state-law claims implicate federal law. Such claims could fall under a "longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (holding that a state-law quiet title action that depends on a disputed question of federal law was such an exception). This is a "special and small category" of claims. *Empire Health choice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

Federal jurisdiction for state-law causes of action will arise if the following conditions are met. A state law claim must contain a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Here, no federal issue is even raised. Though Plaintiff's state court complaint may have borrowed language from his federal court complaint, no questions of Title IX liability must be answered to resolve the state law claims. Whether the university violated Title IX is irrelevant to the question of the individual Defendant's liability under Michigan statutory and common law. There is no federal jurisdiction for any of Plaintiff's three state law claims.

Nevertheless, Defendant makes much of the first line of Plaintiff's complaint in Washtenaw County Circuit Court: "This is an action for hostile environment and quid pro quo sexual harassment in violation of Title IX of the Education Amendments of 1972, as amended, 20 USC §1681, et seq., 34 C.F.R. §106.31 et seq. and the Elliott-Larsen Civil Rights Act, MCL 37.21010 et seq." (ECF No. 7-1, PageId.292). Plaintiff has characterized this sentence as an "inadvertent reference to Title IX of the Education Act of 1972, 20 U.S.C. § 1681 in the prefatory language." (ECF No. 7, PageId.281).

This stray line from the original complaint cannot support federal question jurisdiction. First, it is in no way consistent with any of the three explicitly pled state-law causes of action and does not qualify any of those claims for *Grable* federal question jurisdiction. Second, neither this sentence nor any other substantive mention of Title IX appears in the amended complaint. (ECF No. 5). Even if federal question jurisdiction under 28 U.S.C. § 1331 were supported by the original complaint, it would be no longer. This court's jurisdiction would be available only as supplemental jurisdiction under 28 U.S.C. § 1367.

Defendants argue that amendments to the original complaint are not relevant to this inquiry. They rely on case-law holding that post-removal settlement negotiations will not defeat diversity jurisdiction predicated on a pleading of damages over $75,000. *See Leys v. Lowe's Home Centers, Inc.*, 601 F. Supp. 2d 908, 915 (W.D. Mich. 2009); *see also Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). This rule does nothing to diminish the fact that once entered, an amended complaint becomes the controlling complaint for all purposes, including jurisdiction. "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007). As the Supreme Court has recognized, however, "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment

eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Id. at* 474 n. 6. District courts retain the discretion to exercise supplemental jurisdiction over state-law claims even after all the federal claims have been purged from amendments to the original complaint. This discretion implicates the question of "whether the plaintiff has engaged in any manipulative tactics." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

Here, Plaintiff's amended complaint drops its state-law retaliation claim and omits the above-quoted prefatory language on Title IX. (ECF No. 5). The Court will not retain supplemental jurisdiction over state-law claims related to a Title IX claim that was never even purposefully or fully pleaded.

Plaintiffs are not entitled to attorney's fees on his motion to remand, however. "'Absent unusual circumstances,' the Supreme Court instructs that fee awards are appropriate 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Warthman*, 549 F.3d at 1059 (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136–37 (2005)). Defendants had a reasonable basis for seeking removal—the first sentence of Plaintiff's complaint purports to seek relief under a federal statute. This qualifies as an objectively reasonable basis and precludes Plaintiff's request for attorney's fees.

## CONCLUSION

Defendants bore the burden on removal to demonstrate that Plaintiff's case arose out of federal law or implicated federal law within the meaning of *Grable*. They have not carried that burden. Nevertheless, because they had some objective basis for their removal, they will not owe Plaintiff attorney's fees.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand [7] is **GRANTED IN PART AND DENIED IN PART**. This case will be **REMANDED** to Washtenaw County Circuit Court.

**SO ORDERED**.

Dated: July 15, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge