UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LIPIAN,

        Plaintiff,

v.

JEFFREY FRUMKIN, ET AL.

        Defendants.

_____/

Case No. 20-11615

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [21]**

Defendants removed this case to federal court on June 19, 2020. (ECF No. 1). Plaintiffs filed a motion to remand, and, on July 15, 2020, the Court granted Plaintiff's motion to remand this case to Michigan Circuit Court for the County of Washtenaw. (ECF No. 7, 19). Federal question subject matter jurisdiction was not present. The Court denied Plaintiff's motions for attorneys' fees, however, and Plaintiffs have filed a motion for reconsideration on this issue.

**LEGAL STANDARDS**

The Local Rules for the Eastern District of Michigan provide as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on

> the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

"A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted).

## ANALYSIS

To begin, although Washtenaw County Circuit Court now has jurisdiction over this case, this Court retains limited jurisdiction over the matter of attorney's fees incurred by removal. *See* 28 U.S.C. § 1447(c); *see also Sanders v. Farina*, 183 F. Supp. 3d 762, 766 (E.D. Va.), *aff'd*, 669 F. App'x 184 (4th Cir. 2016) (analyzing objections to a Magistrate Judge award on attorney's fees after the case had been remanded).

Plaintiff argues that the Court's ruling was defective because Defendants lacked an objective basis for removal. "Federal courts have jurisdiction under section 1331 in 'only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law.'" *Thornton v. Sw. Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir.1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983)). Where jurisdiction is

not present, the district court *must* remand the case and *may* award attorneys fees to the non-removing party.

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C.A. § 1447(c).
!

Interpreting § 1447(c), the Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court held that this standard should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. With these concerns in mind, *Martin* held that attorney's fees should be awarded only where the party seeking removal lacked "an objectively reasonable basis" for seeking removal. *Id*.

This Court found that although Defendants' basis for removal was incorrect, it was nonetheless reasonable. It was reasonable, because Plaintiff's complaint began with the line, "[t]his is an action for hostile environment and quid pro quo sexual harassment in violation of Title IX of the Education Amendments of 1972, as amended, 20 USC §1681, et seq., 34 C.F.R. §106.31 et seq. and the Elliott-Larsen Civil Rights Act, MCL 37.21010 et seq." (ECF No. 7-1, PageId.292). Plaintiff

characterized this sentence as an "inadvertent reference to Title IX of the Education Act of 1972, 20 U.S.C. § 1681 in the prefatory language." (ECF No. 7, PageId.281). This "prefatory language," however, appeared directly under the heading titled "Jurisdiction and Parties." (ECF No. 1-1, PageId.7-8).

Nevertheless, the Court held, in granting Plaintiff's motion to remand, that "[t]his stray line from the original complaint cannot support federal question jurisdiction." (ECF No. 19, PageId.825). It found that despite this sentence, none of Plaintiff's state-law claims implicated federal law. It then held as follows with regard to attorney's fees.

> Plaintiffs are not entitled to attorney's fees on his motion to remand, however. "'Absent unusual circumstances,' the Supreme Court instructs that fee awards are appropriate 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Warthman*, 549 F.3d at 1059 (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136–37 (2005)). Defendants had a reasonable basis for seeking removal—the first sentence of Plaintiff's complaint purports to seek relief under a federal statute. This qualifies as an objectively reasonable basis and precludes Plaintiff's request for attorney's fees.

(ECF No. 19, PageId.826).

In its motion for reconsideration, Plaintiff emphasizes that Defendant *knew* that the first line of the complaint was an error. By Plaintiff's estimation, an objectively reasonable lawyer would have just ignored the sentence about Title IX and defended the case in state court. Defendants should not be required to pay for the results of Plaintiff's typographical errors, however.

Defendants were entitled to rely on the jurisdictional statement that appeared in Plaintiff's complaint. If Defendants had deduced that Plaintiff's invocation of federal question jurisdiction was inadvertent, they would have been correct. But they also would have run the risk of being wrong, however, and forfeiting their opportunity to remove the case to federal court. Plaintiff could have amended his complaint in state court, added a fourth count arising under Title IX, and then argued that Defendants had missed the 30-day removal deadline for not removing based on the statement of federal question jurisdiction in the first complaint. Punishing Defendant for seeking removal rather than gambling that Plaintiff did not mean what it said about jurisdiction would contravene the Supreme Court's holding that "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Martin*, 546 U.S. at 140.

Defendants had an objectively reasonable basis to remove this case to federal court—Plaintiff plead jurisdiction under a federal statute in the first sentence of his complaint. By focusing on what it alleges Defendants knew, Plaintiff's motion for reconsideration asks the Court to substitute a subjective standard for determining whether removal was reasonable, instead of the objective standard provided for by *Martin*. It provides no grounds for the Court to rethink its original determination.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [21] is **DENIED**.

**SO ORDERED**.

                                                  s/Arthur J. Tarnow
                                                  Arthur J. Tarnow
Dated: August 5, 2020                Senior United States District Judge